**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH BADGER, | : |
| | : Civil Action No. 08-5407 (KSH) |
| Plaintiff, | : |
| | : |
| v. | : **OPINION** |
| | : |
| HON. KEVIN G. CALLAHAN, et al., | : |
| | : |
| Defendants. | : |

**APPEARANCES:**

    KEITH BADGER, Plaintiff pro se
    #199939
    D-3-W
    Hudson County Correctional Center
    35 Hackensack Avenue
    Kearny, New Jersey 07032

**HAYDEN**, District Judge

    Plaintiff Keith Badger, currently confined at the Hudson County Correctional Center in Kearny, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

I.   BACKGROUND

Plaintiff, Keith Badger ("Badger"), brings this civil rights action against the following defendants: the Honorable Kevin G. Callahan, J.S.C., and Dwight Miller, Esq.  (Complaint, Caption and ¶¶ 4(b) and 4(c)).  The following factual allegations by plaintiff are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Badger alleges that Judge Callahan has ignored his requests concerning the inadequacy of plaintiff's criminal trial lawyer, defendant Miller, who is assigned counsel.  Badger also complains that Miller is ineffective, in violation of his Sixth Amendment right to effective assistance of counsel, because Miller has not provided plaintiff with all documents pertaining to his criminal case, as requested, and has not filed motions that Badger has asked him to file.  (Complaint at ¶¶ 4, 6).

Badger does not seek money damages.  He asks that this Court intervene in his state court criminal proceeding by having the venue changed, new counsel assigned and copies of his transcripts.  (Compl., ¶ 7).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Here, plaintiff is a pretrial detainee who is proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined.  Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)

3

and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). See also Erickson, 127 S.Ct. at 2200 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim

4

is and the grounds upon which it rests.'" Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, ___ (2007) (slip op., at 7-8) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.   SECTION 1983 ACTIONS

Badger brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State

> or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

A.  Judicial Immunity

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9 (1991).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Id., 502 U.S. at 11 (*citing* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson v. Ray, 386 U.S. 547, 554 (1967).  Thus, judicial immunity can be

6

overcome only for actions not taken in a judicial capacity, id., or for actions taken in a complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12. Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. See Forrester v. White, 484 U.S. 219, 227 (1988).

Here, Badger fails to assert any allegations against Judge Callahan that would show that the Judge acted outside his judicial capacity. At best, it may be inferred from the Complaint that Badger's claim against Judge Callahan involves only court-related matters occurring during plaintiff's state criminal proceedings. Such claim is not actionable. There are no allegations to suggest that Judge Callahan acted beyond the scope of his judicial authority, or in the complete absence of all jurisdiction. Therefore, Judge Callahan is absolutely immune from liability, and the Complaint will be dismissed with prejudice as against this defendant.

B. Public Defender Claim

Next, Badger asserts a claim of ineffective assistance of counsel against his defense attorney, Miller, who is assigned counsel to plaintiff during his state criminal proceedings. Namely, plaintiff complains that counsel is not providing him with documents or filing motions that plaintiff is requesting.

Plaintiff's claim against his assigned criminal trial lawyer is not actionable at this time in a § 1983 action. First, Miller

7

is not subject to liability under § 1983 because he is not a state actor.  A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).  Even if Miller was a privately retained lawyer, he would not be subject to liability under § 1983.  Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client).

Moreover, even if Badger had pleaded facts establishing that his attorney is acting under color of state law, any claim concerning a violation of plaintiff's right to effective assistance of counsel must first be raised in Badger's ongoing state criminal proceeding.  A federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).

Moreover, to the extent that Badger's criminal trial is no longer pending, and he has been convicted and sentenced on the state charges, any claim of ineffective assistance of counsel in

8

this regard must first be exhausted via state court remedies, *i.e.*, by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application, under 28 U.S.C. § 2254, to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel. Preiser v. Rodriguez, 411 U.S. 475 (1973). Here, Badger admits that his criminal case is ongoing and he has not been convicted or sentenced yet.

Therefore, this Court finds from the Complaint that the public defender defendant, Dwight Miller, Esq., was not acting under color of state law when representing Badger, and because any claim of ineffective assistance of counsel must be asserted under a federal habeas petition after plaintiff has been convicted and exhausted his state court remedies, this claim asserting liability under § 1983 will be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V. CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, as against defendant Judge Callahan, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2), for failure to state a claim and/or because the Complaint seeks monetary relief from a defendant who is immune from such relief. Further, the Complaint will be dismissed without prejudice, as against defendant Dwight Miller,

9

Esq., for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(E)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.

                                                        /s/ Katharine S. Hayden
                                                        KATHARINE S. HAYDEN
                                                        United States District Judge

Dated: 11/14/08